IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| FLETCHER RAY STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05-CV-520-TWO |
| | ) | |
| | ) | |
| JIMMY ABBETT, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Fletcher Ray Stewart ("Stewart") asserts that the defendants acted with deliberate indifference by failing to provide adequate psychiatric care to him during his confinement in the Tallapoosa County Jail. Naming Jimmy Abbett, the Sheriff of Tallapoosa County, Alabama, Blake Jennings, the jail administrator, and Carolyn Moss, a correctional officer at the jail, as defendants, Stewart seeks declaratory relief and monetary damages.

The defendants filed a special report and supporting evidentiary materials addressing Stewart's claim for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat this special report as a motion for summary judgment. *See Order of August 2, 2005 - Court Doc. No. 11*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of all submissions, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. FACTS

On April 7, 2005, law enforcement officials arrested Stewart for second degree assault, disorderly conduct and resisting arrest. *See Defendants' Exhibit A - Alabama Uniform Arrest Report*. This arrest resulted in Stewart's incarceration in the Tallapoosa County Jail. At the time of his processing into the jail, a correctional officer advised Stewart to "[n]otify [the jail] nurse of any major problems." *Defendants' Exhibit B - Tallapoosa County Jail In-Processing Checklist*. Upon his initial medical screening, nurse Cathy DuBose prescribed routine medications, including migraine capsules and Dilantin.[1] *See Defendants' Exhibit J - Physician Orders*.

On April 18, 2005, Stewart advised nurse DuBose of his involvement in a previous four-wheeler accident that required "multiple surgeries and rehab" but also informed her that "no problems from [this] wreck continue[] to bother [him]." *Defendants' Exhibit K at 1-2 - Medical Progress Notes of Fletcher Stewart*. Stewart did not complain of any psychiatric problems nor did he request mental health treatment. Nevertheless, nurse DuBose noted his "mental handicap" because Stewart struggled in furnishing his medical history to her, but she did not deem any treatment necessary for this condition. *Id*.

A few days later, Stewart reported to the health care unit with complaints of chest pains, for which nurse DuBose examined him and placed him in a medical observation cell until he advised her that he no longer experienced any pain. Nurse DuBose found Stewart's

---

[1] Dilantin is an anticonvulsant which inhibits the spread of seizure activity through the motor cortex. It is also an antiarrhythmic.

2

vital signs within normal range and his pacemaker functioning properly during his time in observation. *Defendants' Exhibit K at 2 - Medical Progress Notes of Fletcher Stewart.* On May 13, 2005, Stewart reported to the health care unit complaining of "biting [his] tongue" and nurse DuBose prescribed chloreseptic spray to alleviate this condition. *Id*. On May 19, 2005, when nurse DuBose performed a routine check of Stewart's pacemaker, Stewart made no complaints.

On June 9, 2005, Stewart pled guilty to resisting arrest and disorderly conduct. *Defendants' Exhibit D - Explanation of Rights and Guilty Plea*. The trial court imposed a sentence of "time serve[d]" and ordered Stewart's release from the Tallapoosa County Jail. *Defendants' Exhibit E - Court Action Form*. Stewart maintains that during his stay of approximately two months in the Tallapoosa County Jail the defendants refused to provide him adequate psychiatric care.

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claim. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.

*Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990).  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

As now discussed, in this case, the plaintiff has failed, after being afforded an

opportunity to do so, to go beyond the pleadings and present evidence necessary to establish that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

In order to prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must show, at a minimum, that those responsible for providing medical treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Jail personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989).

"In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice

5

does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between a jail's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

A jail medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Moreover, the mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

Stewart asserts only a conclusory allegation that the defendants denied him adequate medical treatment. The undisputed evidentiary materials submitted by the defendants demonstrate that medical personnel routinely examined Stewart, evaluated his condition and responded in an appropriate manner to his requests for treatment. *See Medical Defendants' Exhibit K - Medical Progress Notes of Fletcher Stewart.* These materials likewise establish that nurse DuBose prescribed various medications during her treatment of Stewart's various

complaints. *Id*. It is therefore clear that the course of treatment undertaken by the jail medical staff was neither grossly incompetent nor constitutionally inadequate. The plaintiff fails to present any evidence demonstrating that the defendants disregarded a substantial risk to his mental health. Thus, it is clear that he has failed utterly and completely to establish that the defendants acted with deliberate indifference. Summary judgment is therefore due to be granted in favor of the defendants.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before August 31, 2005 the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of August, 2005.

>  **/s/ Delores R. Boyd**
> DELORES R. BOYD
> UNITED STATES MAGISTRATE JUDGE